IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RHONDA D. SMEDLEY,

    Plaintiff,

v.                                              CASE NO. 4:06-cv-00497-MP-WCS

P.A. STOVER, P.A. PICKENS,
P.A. MEJIA, DR. CARBONELL,
and MRS. WEST,

    Defendants.

_____/

**O R D E R**

       This matter is before the Court on Doc. 47, Report and Recommendation of the Magistrate Judge, which recommends that the Defendants' Amended Motion for Summary Judgment, Doc. 30, be granted, and that Plaintiff Smedley's second amended complaint, Doc. 14, be dismissed for failure to state a claim.  The Magistrate Judge filed the Report and Recommendation on Friday, February 29, 2008.  The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

       In her complaint, Plaintiff alleges that the Defendants were deliberately indifferent to her serious medical needs in violation of the Eighth Amendment's prohibition of cruel and unusual punishment.  After reviewing Plaintiff's extensive medical history, the Magistrate concludes that Plaintiff has not come forward with any evidence to support a finding that any Defendant was deliberately indifferent to her needs, and therefore the motion for summary judgment should be granted.  Specifically, the Magistrate states that this case merely involves Plaintiff's lay

disagreement with the treatment she received, and that this case is "a classic example of a matter for medical judgment," which does not represent cruel and unusual punishment.

In her objections, Plaintiff again merely disagrees with the treatment she received, rather than demonstrating that the Defendants were deliberately indifferent to her medical needs. She alleges that her x-rays were misread and that she did not receive adequate pain medication. As stated by the Magistrate, the alleged medical malpractice of misreading an x-ray does not state a claim under the Eighth Amendment. Furthermore, the record is replete with evidence that the Defendants were actively trying to control Plaintiff's pain. The objective medical tests all showed a normal range of motion, and Plaintiff's subjective complaints were taken into account by adjusting the dosage of her medication and by providing her convalescence passes.

It is clear from the record that Plaintiff received prompt medical care, examinations, and medication in response to her complaints of pain. Based on this, the Court agrees with the Magistrate that Plaintiff has failed to present evidence showing that any Defendant was deliberately indifferent to her medical needs. Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Defendants' amended motion for summary judgment, Doc. 30, is GRANTED, this case is dismissed, and the Clerk of Court is directed to enter judgment in favor of Defendants on all claims.

**DONE AND ORDERED** this _1st_ day of April, 2008



*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge